# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 6D2023-0120
Lower Tribunal Nos. CF20-5591-XX and CF20-7975-XX

———————————————

ANTONIOUS WHITE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

Appeal from the Circuit Court for Polk County.
J. Kevin Abdoney, Judge.

August 30, 2024

PER CURIAM.

In this *Anders* appeal, we affirm the trial court's revocation and termination of Antonious White's probation without further comment.[1] We remand for the correction of two scrivener's errors, both of which White raised in a motion to correct sentence on which the trial court did not rule. *See* Fla. R. Crim. P. 3.800(b)(2). First, although the trial court orally recognized that White had been

---

[1] *Anders v. California*, 386 U.S. 738 (1967). This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

previously adjudicated guilty, the sentencing paperwork reflects a redundant adjudication. *See* § 948.06(2)(e), Fla. Stat. (2021) ("If such probation . . . is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, *unless* he or she has previously been adjudged guilty . . . .") (emphasis added). Second, even though the trial court terminated White's probation, the sentencing paperwork requires him to pay costs of supervision. *See id.* § 948.09(1)(a)1. (requiring payment of costs of supervision by, among others, probationers as condition of placement). White need not be present when the trial court makes these ministerial corrections.

AFFIRMED and REMANDED.

TRAVER, C.J., and BROWNLEE, J., and LAMBERT, B.D., Associate Judge, concur.


Howard L. "Rex" Dimmig, II, Public Defender, and Daniel Muller, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED